SOMMERS ET AL. *v.* DUKES ET UX.

[No. 10, September Term, 1957.]

*Decided October 21, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Eugene Hettleman* for the appellants.

*Sheldon A. Rubenstein* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

In 1950 the appellants sold a dwelling in Baltimore to the appellees for $3,750.00, on the installment plan, and the building was totally destroyed by fire in 1954. In a prior appeal—*Sommers v. Dukes,* 208 Md. 386, 395—we held that the appellants were required under their contract of sale to carry fire insurance in the amount of $4,000 for the protection of the buyers and that since they had failed to do so, they must put the buyers "in the same position as if the insurance had been in effect at the time the contract was signed and had been continued to the time of the fire." On remand, the auditor's account, as modified by the court for minor and undisputed errors, found that the buyers had paid in a total of $2,435.00, of which $1,262.55 properly had gone for insurance premiums, taxes, ground rent and interest, leaving a balance of $1,172.45 applicable to the purchase price. Thus there was still due the sellers $2,577.55. The chancellor found, as had the auditor, that the full insurable value of the property at the time of the fire was the same amount as the purchase price, $3,750.00, and that the buyers were entitled to be paid $2,344.90, as well as to receive a deed to the lease-

hold according to the contract. It is to be noted that $2,344.90 is exactly twice $1,172.45—the amount which the buyers had paid on the principal.

The appeal is from the ratification of the auditor's account, as modified, over appellants' objections. The appellants relied below on the same points on which they rely here, namely: (1) counsel for the parties had stipulated during the argument of the first appeal that if the appellees there and here prevailed, no new audit would be necessary and the approximate sum that had been found to be due by the auditor —$1,143.72—would be the sum due by appellants to appellees; (2) that the full insurable value of the property was not the same amount as the purchase price—$3,750.00, as found by the auditor and the chancellor, but only $2,000.00, and that appellants were entitled to show this by evidence; (3) that since the buyers had paid only $1,172.45 on the principal at the time of the fire and there was due the sellers $2,577.55, the judicially created insurance proceeds would have to be divided in that ratio, and the appellees would be entitled to but $1,172.45, and not to double that sum.

We think appellants are right in their third contention. Under the holding in the first appeal, the appellees were to be put in the same position as if the promised fire insurance had been in effect at the time of the fire. This is to say that if the insurance proceeds had been $3,750.00, as the chancellor assumed, the sellers would be entitled to the unpaid principal due them of $2,577.55 and the buyers to the rest of the money, that is, $1,172.45, the amount of the buyers' equity in the property (since the insurance proceeds were assumed to be the same as the purchase price). It would matter not to whom the insurance was presumed to be actually paid. If the sellers had gotten $3,750.00 from the insurer, they would have held the money as trustees for the buyers and so could retain only the $2,577.55 due them and must pay the balance to the buyers. *Skinner & Sons' Co. v. Houghton,* 92 Md. 68, 87-90. If it be assumed that the buyers had in fact been paid $3,750.00 of insurance, they would have been obligated under their contract to pay the balance due on the purchase price and could retain only $1,172.45. The promised

insurance was to indemnify the buyers against any loss from damage by fire to their interest in the property. That interest was the equity they had paid in on principal, and since the property was wholly destroyed by fire, they are to be made whole to the extent of those payments of $1,172.45. Under our prior opinion, the $2,000.00 of insurance which actually was carried by the appellants for their own benefit will be paid to them by the insurer, and from it they must pay appellees $1,172.45, leaving them $827.55. The additional $1,750.00 which the appellants should have carried, plus the $827.55 they retained from the $2,000.00 they did carry, adds up to the $2,577.55 due them.

The auditor and the court faithfully and literally followed the mechanics of the suggested formula of our first opinion. To the total amount paid on the property—$2,435.00—was added the amount of the presumed insurance coverage at the time of the fire—$3,750.00—making a total of $6,185.00. From this total was subtracted the expenses paid in— $1,262.55 (the aggregate of taxes, ground rent, interest and insurance)—as well as the amount due on the principal, $2,577.55, or a total deduction of $3,840.10. The resulting figure is $2,344.90, or twice $1,172.45. If we had directed that the expenses be deducted from the total payments to show the principal paid in and that principal be deducted from $3,750.00 (the amount both of the presumed insurance and the purchase price) to show what was due the sellers, or that the amount due the sellers be deducted from $3,750.00 to show the amount to which the buyers were entitled, the result would have been correct and in accord with our intended holding in the first appeal; but when the total amount paid in was added to $3,750.00 and there was deducted from that resulting figure the expenses paid and the amount due on the principal, the buyers were given credit for an additional $1,172.45.

We find it unnecessary to decide the appellants' other contentions. In the brief filed in this appeal appellants agree that their point as to the insurable value of the property in substance and effect was presented as an alternative to the relief sought under the other points. Appellants make it

plain in their brief that had the case been determined as they said in their third contention it should be, they would have abided by a decree reflecting that result. Since the appellants have taken and take the stand that if appellees are held to be entitled to $1,172.45 (approximately the amount appellants say they stipulated to during the argument in the first appeal), the case would be rightly disposed of, and since we find that the appellees are entitled to that amount and no more, we shall remand the case for passage of a decree (a) ordering the appellants to convey to the appellees the property known as 126 W. West Street, Baltimore, Maryland, subject to a ground rent of $72.00; (b) ordering the appellees to pay the court costs and expenses set out in the decree appealed from in this appeal; and (c) ordering the appellants to pay to the appellees the sum of $1,172.45. It is to be understood, as we noted in the first opinion, that the appellants are entitled to the insurance proceeds of $2,000.00. If it is necessary to insure the payment to the appellants of the insurance proceeds, the chancellor may order such payment in the decree.

> *Decree reversed and case remanded for the passage of a decree as directed, appellees to pay the costs.*